309 Ga. 831
FINAL COPY

S20Y1352.  IN THE MATTER OF DENNIS W. HARTLEY.

PER CURIAM.

This reciprocal discipline matter is before the Court on the State Disciplinary Review Board's June 4, 2020 report and recommendation that this Court disbar Dennis W. Hartley (State Bar No. 333925) from the practice of law in Georgia.  See Georgia Rules of Professional Conduct, Rule 9.4 (b).  The reciprocal proceeding arises from Hartley's disbarment from the practice of law in Colorado.  The State Bar of Georgia's Notice of Reciprocal Discipline was sent to Hartley at his address on file with the Bar's membership department, but he did not acknowledge service or respond.  The Bar attempted personal service in Colorado through the Sheriff of El Paso County, Colorado Springs, but the Sheriff was unable to locate Hartley and submitted a return of service with the notation "unable to locate after a reasonable search."  The Bar then properly served him by publication.  See Bar Rule 4-203.1 (b) (3) (ii).

Hartley did not file any response or objection to the imposition of reciprocal discipline.

Hartley was admitted to practice law in Colorado in 1972, has been a member of the State Bar of Georgia since 1987, and currently has emeritus status.[1] On July 18, 2019, the Supreme Court of Colorado entered an order disbarring Hartley from the practice of law, effective August 22, 2019, based on a stipulation and consent agreement in which Hartley consented to disbarment and admitted the allegations of three complaints filed by Colorado's Office of Attorney Regulation Counsel. The complaints alleged that Hartley failed to report his several DUI convictions to the Colorado disciplinary authorities as required by Colorado's disciplinary rules and that in connection with the representation of several different clients in civil, post-conviction, and criminal matters, Hartley committed multiple violations of the rules of professional conduct in that he accepted fees but did not enter into fee agreements with new

---

[1] An emeritus member is subject to discipline in Georgia. See *In the Matter of Wayman*, 307 Ga. 586 (837 SE2d 261) (2019).

clients or otherwise explain the basis for the fees; failed to provide an accounting for those fees; failed to deposit retainer fees in a trust account; failed to refund unearned fees upon discharge; failed to communicate with his clients regarding the objectives of the representation; failed to keep his clients informed; filed a probate proceeding without the knowledge of one client; practiced law and shared fees with non-lawyers; and practiced law while he was suspended from the practice of law.

Based on a review of the disciplinary procedures and rules in Colorado and the corresponding disciplinary procedures and rules in Georgia, the Review Board concluded that disbarment is the appropriate level of discipline in Georgia for similar misconduct and found no basis for recommending anything other than substantially similar discipline, see Georgia Rules of Professional Conduct, Rule 9.4 (b) (3) (i)–(vi). Thus, it recommends that the Court disbar Hartley.

Neither the State Bar nor Hartley filed objections to the Review Board's report. Having reviewed the record, we agree with

the Review Board that disbarment is the appropriate sanction in this reciprocal discipline matter. Accordingly, it is ordered that the name of Dennis W. Hartley be removed from the rolls of persons authorized to practice law in the State of Georgia. Hartley is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*

Decided September 8, 2020.

Disbarment.
*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, James S. Lewis, Assistant General Counsel State Bar*, for State Bar of Georgia.